Smith v. Mohler.

# RANDALL SMITH

## v.

## JOSEPHINE MOHLER.

*Replevin—Chattel Mortgage—Fraudulent Intent—Evidence—Instructions.*

In an action of replevin to recover the possession of a piano held by the defendant under an execution against a third person, it is *held:* That evidence touching the validity of a certain chattel mortgage on the piano was properly excluded, the genuineness of said mortgage not being in issue; that the verdict is not so manifestly against the weight of evidence as to require a reversal; and that there was no error in the instructions.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Bureau County; the
Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. ECKELS & KYLE, for appellant.

Messrs. GIBONS & GIBONS, for appellee.

LACEY, J.   This was a suit of replevin brought before a
Justice of the Peace, by appellee, to recover the possession of
a piano which she claimed as her property.   The appellant
was a Constable and had taken it on execution in favor of Isaac
Conant against Frank and Samuel Mohler, claiming and levy-
ing on the property as that of Frank Mohler.   The trial tak-
ing place in the Circuit Court, resulted in favor of appellee.

The issue in the case was, as to whether the piano was the
property of Frank Mohler or appellee.   The appellee testi-
fied that she purchased the piano of Frank Mohler, December
24, 1885, for $100 cash, paid to, or to the use of, Frank Mohler·

In order to contradict the appellee in regard to her claim of
ownership of the piano, several witnesses were put on the
stand who testified to statements claimed to have been made
by her subsequently to the time of the alleged purchase con-
tradictory to her claim of property in the piano, and also to
show that a certain chattel mortgage taken by her for $3,100,
from said Frank and her husband, on the piano and other
property on December 18, 1885, was fraudulent.

Appellant attempted to prove by one Steele, that Frank
Mohler, out of the presence of appellee and before the mort-
gage was executed, stated he intended to make a bogus chattel
mortgage to appellee.   The court ruled out this proposed
proof, and, we think, correctly.   The question of the genuine-
ness of the chattel mortgage was not in issue, nor was Frank
Mohler a party to this suit.   If such evidence could be allowed
to show that the mortgage was fraudulent, then appellee
might have gone into that question and have shown that the
mortgage was genuine.

This would have involved the trial of an issue not involved and the time of the court have been consumed uselessly. Even if such issue had been determined in appellant's favor it settled nothing, as the question whether there was a genuine sale of the piano to appellee, as she claimed, would still remain unsettled and undetermined. The execution of the chattel mortgage and the alleged purchase of the piano were entirely separate transactions, the sale not at all depending on the validity of the mortgage. It does not necessarily follow that because an intended fraud was committed in the one case that the sale in the other was fraudulent. It would only have established that appellee was fraudulently *inclined*. But such evidence could not be allowed to show guilt in another matter not invalid either in a civil or criminal case. The whole matter of the chattel mortgage having been fraudulent should have been rejected.

As to the question of the weight of evidence not supporting the verdict, we can only say that while this court might have been better pleased with a verdict the other way, yet it is not so manifestly against the weight of the evidence as requires that the judgment should be set aside. The jury had the undoubted right to believe the testimony of the appellee to be true, notwithstanding her contradictory statements, and this court would not be authorized to interfere.

We see no serious error in the appellee's first and second instructions. The first appears to be without fault, and the second, so far as assuming that there had been sale of the piano to appellee, we think is not open to the criticism made. It only referred to the sale to fix a period of time in regard to the alleged fraud in the transaction, and evidently did not assume that there was a valid sale. Nor do we think it could be fairly understood that there was a sale at all. The main issue, as is shown by defendant's instructions, appeared to be the questions of fraud in the sale of the piano, and not whether there was a sale of some kind.

Complaint is also made that the court modified the appellant's instructions so as to hold her to be a party to the supposed fraudulent intent of Frank Mohler in making the sale

of the piano to her, only in case the appellee had knowledge of such fraudulent intent, or had such knowledge of such transactions as "could reasonably and necessarily lead a reasonably cautious person to infer that said sale was made with intent to hinder and delay creditors."

The objection is made that the court erred in striking out the word "naturally" as the instruction was offered, and inserting the word "necessarily" as it was given. This was a proper modification as will be seen by reference to the decision of the Supreme Court in the case of Boies v. Henney, 32 Ill. 130, 145.

Seeing no sufficient error in the record to reverse the judgment it is therefore affirmed.

*Judgment affirmed.*